■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES BRESSETTE, Petitioner, v. J. EDWIN LA VALLEE, as Superintendent of the Clinton Correctional Facility, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for writ of habeas corpus denied for failure of compliance with article 70 of the CPLR and more particularly with the provisions of CPLR 7002 (subd. [c]) thereof, and as otherwise insufficient on its face. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.

■ In the Matter of CHRISTOPHER C. CALLERAME, Respondent, v. ARTHUR LEVITT, as Comptroller of the State of New York, Appellant.— Motion, insofar as it seeks to dismiss appeal for failure to obtain permission to appeal pursuant to CPLR 5701 (subd. [c]) denied, without costs. The judgment, denominated an order, is final and appealable as of right (CPLR 5701, subd. [a], par. 1). Appeal dismissed, without costs, unless appellant shall, on or before April 2, 1975, file and serve record, brief and notice of argument for the term commencing May 12, 1975, in which event motion to dismiss for failure to prosecute denied. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES F. MURPHY and ROBERT BROWN, Petitioners, v. JOSEPH WASSER, as Sheriff of Sullivan County, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for writ of habeas corpus, denied as academic. Herlihy, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.

## (February 20, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS GREENWOOD, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered April 4, 1973, upon a verdict convicting defendant of the crime of criminally negligent homicide. Defendant raises two issues on this appeal from a conviction of criminally negligent homicide, urging reversal. We are not persuaded by either of them. On this record defendant was not entitled to the further request to charge. The jury, after some deliberation, had merely requested a rereading of the various crimes charged and the court complied. Nothing new was read to the jury and the defendant had taken no exception to the initial charge. As to the remarks by the District Attorney in his summation, they were not such as to constitute reversible error. Furthermore, defendant took no exception. (See *People* v. *Brown*, 43 A D 2d 743.) Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.